IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JEFFREY CHARLES MANN | § | |
| v. | § | CIVIL ACTION NO. 5:22cv27 |
| SAMUEL NATIONS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF

The Plaintiff Jeffrey Mann, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. This Report concerns the Plaintiff's motions for injunctive relief. *See* Docket Nos. 7, 9, 12.

**I. Background**

Plaintiff complains that when he arrived at the Telford Unit, he was told to re-apply for a subsequent storage box (i.e. an extra storage box for his legal papers). When he met with law librarian Samuel Nations, he states that Nations berated him about going over the head of his previous law library supervisor to get approval for a second storage container. Plaintiff also contends that Nations alluded to the fact that there were no cameras in the law library, implying that Nations could do whatever he wanted. He asked Nations for restoration of his two legal boxes, but Nations told him that the papers for his criminal cases were not "active" even though he had filed recently in that court and that those papers would therefore be considered "personal" rather than "legal."

1

Plaintiff complains that Nations violated TDCJ policy as well as state and federal law. He says that Nations "made statements" to him and directed his assistants to make it difficult for Plaintiff to obtain legal materials, refused requests for access to case law, refused to contact the courts after being shown documentation needing his assistance to contact the courts, and seized and confiscated typewriter ribbons despite being told that the unit commissary was out of stock, thus impeding Plaintiff's ability to prepare legal documents.

Furthermore, Plaintiff complains that instead of approving him for two legal storage containers, Nation pressured him to send his legal papers associated with two cause numbers, 15-09620-393 and 20-3822-462 home, including his exhibits for his civil and criminal actions. He says that Nations pressured him to submit his filings to the court before they were ready and that he had to file his state habeas petition in order to have papers associated with that case considered as legal documents. Nations also labeled his criminal papers as "personal" and refused to consider Plaintiff's "active research, numerous filings, letters to state officials, attorneys, and courts, discovery requests, and research" as representative of an "active pursuit" of his legal access to the courts. He further complains that Nations threatened him with confiscation and destruction of his legal papers if he did not comply, and says that he was denied legal visits with other inmates.

In May of 2021, Plaintiff states that Nations told him to send home his legal papers associated with two state court cases after Plaintiff asked for assistance regarding a notice given to him by the Denton County Clerk as to the existence of an appealable order. Plaintiff states that he did not receive a copy of such an order, preventing him from "being able to be informed as to whether he would take such appeal." However, Nations considered the case closed and no longer active.

During this same period of time, Plaintiff states that he was experiencing significant delays in receiving legal mail from the courts and parties in his cases. Nations refused to assist him in contacting his prior unit or in contacting the court to provide his current address. As a result, he was denied the opportunity to file objections in a federal lawsuit. When Plaintiff filed a petition for the

writ of mandamus in the Second Judicial District Court of Appeals against the Denton County Clerk, Nations refused to consider this filing as "active."

On August 24, 2021, Plaintiff states that Nation instructed his assistants to perform a shakedown of Plaintiff's legal papers and seize any papers associated with cause numbers 15-09620-393 and 20-3822-462. The officers confiscated four folders of legal work, two of which had those cause numbers on them and two of which contained all of his current and ongoing legal research for those two civil actions plus his mandamus petition, his federal civil action, his six criminal cases, legal papers from his research from a university law library, and at least five pieces of legal mail. He also states that the officers confiscated an additional seven folders of legal papers which Plaintiff intended to mail to his brother. Nations refused to assist him, but simply told him to "file a grievance."

Plaintiff did file a grievance and was told that his seven folders of legal materials had been sent to Plaintiff's brother on August 24, 2021, but this was a lie because his brother did not receive the items until October 13, some seven weeks later. He filed a Step Two grievance appeal, but this was never answered.

At the time his folders were seized, Plaintiff states that he was in the process of preparing objections to a Report issued in his federal civil lawsuit, cause no. 6:16cv1315. He states that he was unable to file his objections and as a result, three parties from that case were dismissed and final judgment was entered against him in the lawsuit. Plaintiff's mandamus in the state appellate court was also dismissed. Plaintiff states he then filed an "emergency grievance," to which he received no response, and he has sought injunctive relief in the state court, also receiving no response.

For relief in his original complaint, Plaintiff asks for a declaratory judgment, injunctive relief ordering that all seized legal papers be returned and that the Defendants cease interfering with his right of access to court or otherwise harassing him, injunctive relief ordering the Defendants to follow all state laws regarding him and not create any "undue hardships," as well as compensatory and punitive damages.

Plaintiff has now filed two motions for injunctive relief. Both of these motions ask that the Defendants be ordered to cease and desist any actions which could result in the loss or destruction of the four legal folders seized on August 24, 2021, and to cease and desist "any actions which would interfere with any legal matters for which Plaintiff is engaged and to leave intact any and all legal papers which he possesses." He also asks that the Defendants be ordered to keep these four folders secure and to return them to him.

## II. Discussion

The prerequisites for a preliminary injunction or temporary restraining order are: (1) the substantial likelihood that the moving party will prevail on the merits; (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm the injunction may do to the non-movant; and (4) the granting of the injunction will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). Preliminary injunctive relief is not granted unless the movant clearly carries the onerous burden of persuasion as to all of the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983). In this regard, the Fifth Circuit has held that conclusory allegations are not sufficient to show entitlement to injunctive relief. *Lakedreams v. Taylor*, 932 F.2d 1103, 1007 (5th Cir. 1991); *see also Hancock v. Essential Resources, Inc.*, 792 F.Supp. 924, 926 (S.D.N.Y. 1992). Furthermore, the injury in question must be imminent and cannot be speculative. *Chacon v. Granata*, 515 F.3d 922, 925 (5th Cir. 1975); *Watson v. FEMA*, 437 F.Supp.2d 638, 648 (S.D.Tex. 2006).

Plaintiff has not shown a substantial likelihood of prevailing on the merits of his claim nor a substantial threat of irreparable injury in either of his motions for injunctive relief. Plaintiff makes clear that he possessed voluminous legal materials, and the Fifth Circuit has upheld space limitations upon the amount of legal materials which prisoners may possess. *Long v. Collins*, 917 F.2d 3, 4 (5th Cir. 1990). In addition, a claim of denial of access to court or to legal materials requires a showing that the underlying claim is not frivolous and that the arguable nature of the claim is "more than hope." *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002).

Plaintiff has offered nothing to suggest that the underlying claims are sufficiently arguable as to give him a substantial likelihood of success; and his mandamus petition in the Second Judicial District Court of Appeals was summarily dismissed not long after it was filed. *In re Mann*, slip op. no. 2-21-00307-CV, 2021 WL 4901509 (Tex.App.-Fort Worth, October 21, 2021). For the same reason, Plaintiff has not shown a substantial likelihood of irreparable injury. *See Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) (holding the possible outcome of another lawsuit, where there is no evidence that the lawsuit could not be adequately and fairly tried, could not support a showing of irreparable harm).

Under the Prison Litigation Reform Act, 18 U.S.C. §3626(a), prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the federal right of a particular plaintiff, and the court shall not grant or approve any prospective relief, including preliminary injunctive relief unless the court finds such relief is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right. The court is required to give "substantial weight" to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief. At least a portion of Plaintiff's requested injunctive relief, to the extent he requests that the Defendants be ordered to cease and desist any actions which would interfere with any legal matters for which Plaintiff is engaged and to leave intact any and all legal papers which he possesses, is not narrowly drawn nor does it appear to be the least intrusive means to correct any violation of a federal right which may have occurred.

Similarly, Plaintiff has not shown that his requested injunctive relief will not disserve the public interest. Considerations of federalism weigh heavily against interference by federal courts through the issuance of preliminary injunctions against state or local agencies. The Supreme Court has stated correctional administrators are to be accorded wide-ranging deference in their adoption and execution of policies and practices which in their judgment are needed to preserve internal order and discipline and to maintain internal security. *Block v. Rutherford*, 468 U.S. 576, 584-85, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984). Consequently, federal courts are not to allow themselves to become "enmeshed in the minutiae of prison operations." *Lewis v. Casey*, 518 U.S. 343, 362, 116

S.Ct. 2174, 135 L.Ed.2d 606 (1996), *citing Bell v. Wolfish*, 441 U.S. 520, 562, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Plaintiff's requested cease-and-desist order would require engagement in the minutiae of prison operations representing an overly intrusive level of interference with the operation of a state prison, and his motions for injunctive relief cannot be granted for these reasons as well.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's motions for injunctive relief (Docket Nos. 7, 9), and his motion to compel the Court to act on his motions for injunctive relief (Docket No. 12) be denied.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 29th day of August, 2022.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE