IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JEFFREY CHARLES MANN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:22-CV-27-RWS-JBB |
| | § | |
| SAMUEL NATIONS, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Plaintiff Jeffrey Mann's objections to the Magistrate Judge's Report and Recommendation. Docket No. 45. Plaintiff, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this lawsuit alleging violations of his constitutional rights under 42 U.S.C. § 1983. The case was referred to the United States Magistrate Judge J. Boone Baxter in accordance with 28 U.S.C. § 636(b)(1).

I.      **Plaintiff's Claims**

Plaintiff's claims concern allegations of denial of access to court, primarily through the confiscation of his legal materials. Docket No. 1. He states that he arrived at the Telford Unit of TDCJ in November of 2020, and the property officer told him to see the law library supervisor, Samuel Nations, about re-applying for a subsequent storage container (*i.e.*, an extra storage box for his legal papers). *Id.* at 2. However, he says that Defendant Samuel Nations verbally accosted and berated him about going over the head of a previous law library supervisor at another unit to get a subsequent storage box. Plaintiff states that Nations told him that his criminal cases were not active despite his having recently filed documents in them, and so those papers would be considered "personal" rather than "legal."

Instead of approving his request for additional storage space, Plaintiff states that Nations pressured him to send his legal papers home, including exhibits for his civil and criminal actions. *Id.* at 2. He states that Nations pressured him to submit filings to court before they were ready and told Plaintiff that he had to file his state habeas petition in order to be able to possess legal papers associated with that case. Nations refused to consider his active research, numerous filings, letters to state officials, attorneys, and courts, and his discovery requests as representative of an active pursuit of access to court. He threatened Plaintiff with the confiscation and destruction of his legal papers if Plaintiff did not comply.

Specifically, Plaintiff asserts that in May of 2021, Nations told him to send home his legal papers associated with two specific cases, Case Nos. 15-09620-393 and 20-3822-462. *Id.* at 3. He states this was done after Plaintiff asked Nations for help regarding a notice from the Denton County Clerk regarding the existence of an appealable order. Plaintiff explains that he did not get a copy of such an order, preventing him from making an informed decision about taking an appeal; however, Nations refused to help him get a copy. Plaintiff contends that even though Nations knew about his right to appeal, the officer considered the cases closed and no longer active. Thus, Nations believed that the legal papers needed to be disposed of or sent home. Plaintiff states that he told Nations he had never received a copy of the order in the other case after Nations told him that Case No. 20-3822-462 was also closed.

During this period of time, Plaintiff says that he was experiencing significant delays in getting his legal mail from the courts and parties. He notified them about his change of address from the Eastham Unit to the Telford Unit, but the courts and parties continued to send his mail to the Eastham Unit. Nations would not help him with this and would not contact the Eastham Unit law library or the courts for him. After this Court adopted a Report in Case No. 6:16-cv-1315 a week

Page **2** of **12**

before Plaintiff received a copy, denying him the opportunity to submit objections, Plaintiff states that Nations said he did not want to do anything and that it was Plaintiff's responsibility. Plaintiff contends that he was unsuccessful in obtaining relief in the courts, including being denied access to the unit mail logs.

Plaintiff states that he filed a mandamus petition in the Second Judicial District Court of Appeals, Case No. 02-21-00307-CV, alleging that the Denton County Clerk refused to provide copies of orders, serve process, give notice of returned process, give notice of a hearing, adhere to the Texas Rules of Civil Procedure, or treat Plaintiff equally as any other party. He states that he showed Nations of a copy of this mandamus petition, but Nations refused to treat the underlying cases, Case Nos. 15-09620-393 and 20-3822-462, as being active on appeal or mandamus.

According to Plaintiff, on August 24, 2021, Nations had his assistants, Officers Brigance and Valentwerp, seize legal papers for Case Nos. 15-09620-393 and 20-3822-462, including two folders containing documents Plaintiff needed to brief the court of appeals in his mandamus petition as well as two other folders containing documents pertaining to those two cases as well as other items. *Id.* at 4. Plaintiff showed the officers that he had separated out seven folders of legal work which he was going to take to the mailroom to send to his brother in New York, but these folders were confiscated as well. He received confiscation papers but instead of being able to mail them directly, he had to go through the grievance process, resulting in delay. When he filed the grievance, Plaintiff states that the response included false information given by Nations saying that the folders had been mailed on August 24, 2021, when in fact they were not received by Plaintiff's brother until October 13. He also alleges that Nations instructed Brigance and Valentwerp to make it difficult for Plaintiff to obtain legal materials or seek assistance from other inmates, and that all three officers verbally abused and berated him.

At this same time, Plaintiff says that he was preparing objections to a Report of the Magistrate Judge in Case No. 6:16-cv-1315. He told Nations that he had a deadline of August 27 in which to object, but Nations would not return his papers. *Id.* at 4. As a result, he says that he was unable to object, and the Court noted his failure to object in adopting the Report.

Likewise, because he did not have the documents he needed to seek mandamus relief, Plaintiff says that on October 22, 2021, his mandamus petition was dismissed, which terminated his ability to litigate the underlying proceedings or pursue a meaningful appeal. *Id.* at 5.

After discussing past examples of interference with his right of access to court by TDCJ officials, Plaintiff complains that Warden Britt and Assistant Warden Schur had the power to resolve his grievance at Step One and provide a remedy including return of his legal papers, but they did not. *Id.* at 6.

## II. The Magistrate Judge's Report

On January 22, 2025, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. Docket No. 43. The Magistrate Judge set out the principle that while inmates have a right of access to court, an actual injury must be shown to set out a violation of this right. *Id.* at 7. Specifically, an inmate complaining of the loss of a meritorious case or the opportunity to sue, or the opportunity to seek a particular order of relief, must describe the underlying case for which access to court is sought well enough to show that the claim is not frivolous and the arguable nature of the claim is more than mere hope. *Id.* at 8; *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The Magistrate Judge also observed that the Fifth Circuit has held that the underlying cause of action is an element which must be affirmatively pleaded, and the plaintiff must show that this underlying cause of action is arguable and non-frivolous. *Mendoza v. Strickland*, 414 F.App'x 616, 619 (5th Cir. 2011).

In the present case, the Magistrate Judge determined that Plaintiff failed to show that the claims for which he says he was denied access to court were arguable and non-frivolous. In Case No. 15-09620-393, the 462nd Judicial District Court of Denton County declared Plaintiff a "vexatious litigant" under Tex. Civ. Prac. & Rem. Code § 11.054 and ordered him to furnish security in the amount of $10,000.00 in order to proceed with his case. Docket No. 43 at 9. The court also prohibited Plaintiff from filing any new litigation in a court of the State of Texas without first obtaining permission from a local administrative judge and directed that a copy of the order be furnished to the appropriate state officials so that it could be recorded with the State List of Vexatious Litigants. The Magistrate Judge stated that because Plaintiff was declared a "vexatious litigant" in this lawsuit, he offered nothing to suggest that the case had arguable merit.

Likewise, the mandamus petition filed by Plaintiff in the Second Judicial District Court of Appeals was summarily dismissed by that court, and the Magistrate Judge stated that Plaintiff failed to show that any alleged denial of access to court resulted in his being unable to present arguably meritorious claims in that proceeding.

Case No. 20-3822-462 was closed on May 15, 2020. The Magistrate Judge observed that while Plaintiff continued to try to file pleadings and motions in this case after it was closed, all of these were rejected by the trial court and the court of appeals, and Plaintiff made no showing that any of these post-judgment motions had arguable merit or were otherwise not frivolous. *Id.* at 10.

In Case No. 6:16-cv-1315, the Magistrate Judge stated that Plaintiff's claims were dismissed for failure to state a claim as to some defendants and for failure to exhaust administrative remedies as to others. *Id.* at 11. The presiding magistrate judge issued reports as to two defendants in the case on March 19 and May 24, 2021. On June 1, 2021, Plaintiff received an extension of time to object until July 2, and on August 3, he received an additional extension of time to object until

August 27. On August 30, 2021, he filed a motion for a third extension of time asking for another five months, but the district court concluded that Plaintiff had ample time in which to formulate objections and dismissed the case on September 23, 2021.

On October 20, 2021, Plaintiff filed a motion to alter or amend the judgment, including the allegation that his legal papers had been seized on August 24. This motion was denied on November 14, 2021. The Magistrate Judge in the present case concluded that Plaintiff failed to show that he could have filed non-frivolous objections but for the actions of Nations and his assistants, nor that the Court erred in concluding that he had ample time in which to object.

While Plaintiff also complained of the confiscation of legal papers relating to his conviction, the Magistrate Judge observed that Plaintiff's Denton County convictions became final in June of 2003 and he did not take a direct appeal. He sought habeas corpus relief in state court and his petitions were dismissed in December of 2004. Plaintiff also sought state habeas corpus relief concerning two 2005 Tarrant County convictions, and these petitions were dismissed in 2011. The Magistrate Judge stated that Plaintiff failed to show that Nations' determination in 2021, ten years after the dismissal of Plaintiff's last state habeas petition, that the criminal cases were no longer active litigation deprived him of any potentially meritorious claims he could have brought in state or federal court. The Magistrate Judge further noted that prison space is necessarily limited and that Plaintiff failed to show a constitutional violation in that he was not accorded storage space for legal papers concerning cases which had long since ended. *Id.* at 12.

Although Plaintiff complained that Nations provided false information to a grievance investigator and that his grievances were otherwise not answered to his satisfaction, the Magistrate Judge determined that prisoners do not have a protected liberty interest in the grievance procedure and so there is no violation of due process for claims that false statements were made in grievance

responses or for failure to resolve a grievance to an inmate's satisfaction. Finally, the Magistrate Judge determined that Plaintiff failed to state a claim upon which relief could be granted against Officers Brigance and Valentwerp. *Id.* at 13.

### III.   Plaintiff's Objections

In his objections, Plaintiff argues that he suffered injury when this Court and the state courts issued final dismissals due to his failure to timely file. Docket No. 45. However, none of these cases were dismissed *because* Plaintiff was unable to timely file. He has not offered anything to show that any of these cases had arguable merit, much less that anything he wanted to file but could not would have made any difference in the outcome of these cases. This objection is without merit.

Plaintiff next asserts that he did not raise constitutional issues with regard to his grievances, but was showing that he had made all attempts to exhaust state remedies. *Id.* at 2. The Magistrate Judge did not state that Plaintiff had failed to exhaust administrative remedies and correctly determined that any such claim of failure to exhaust did not set out a constitutional claim. This objection is without merit.

Third, Plaintiff again asserts that he suffered "injury in fact" due to the seizure of his legal papers because this seizure interfered with his ability to prosecute his appeals and file papers in the courts. *Id.* at 3. He says that had he been able to present his appeals or objections, the final dismissals may not have been affirmed. Plaintiff argues that neither he nor the Magistrate Judge "can play the part of soothsayer and know beyond any reasonable doubt whether having allowed this plaintiff to file his appeals or objections would have ultimately resulted in changing the outcome." *Id.* at 4.

However, as the Fifth Circuit made clear in *Mendoza*, the plaintiff has the burden of affirmatively pleading that the underlying cause of action is arguable and non-frivolous. A review

of Plaintiff's pleadings and court records shows that he has failed to meet this burden and has not shown that any of the underlying cases of which he complains were arguable or non-frivolous.

While Plaintiff argues that he has been successful in presenting his litigation in prior civil actions and has had favorable appellate results, he concedes that "it is known to this court that Plaintiff's litigations began many years ago and have continued slogging through the courts for a long time - having never reached the merits of the underlying claims." *Id.* at 4.

Court records show that Plaintiff has filed three other cases in the Eastern District of Texas, under Case Nos. 4:05-cv-37, 4:08-cv-162, and 6:16-cv-1315. None of these cases resulted in a favorable outcome; Case No. 4:05-cv-37 was dismissed without prejudice for failure to prosecute; Case No. 6:16-cv-1315 was dismissed for failure to exhaust administrative remedies and for failure to state a claim; and Case No. 4:08-cv-162 was dismissed as barred by the statute of limitations and by *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)—a dismissal which was affirmed by the Fifth Circuit. *Mann v. Denton County, Texas*, 364 F.App'x 881, 882 (5th Cir. 2010). Whether or not he may have enjoyed successes in previous unrelated state court litigation, Plaintiff has failed to meet his burden of showing that the claims for which he sought access to court in the present case were not frivolous but had arguable merit. His objection on this point is without merit.

Plaintiff next challenges various aspects of previous rulings against him. In *Mann v. Denton County, et al.,* Case No. 4:08-cv-162, Plaintiff complained of the confiscation of property and the alleged violation of an agreement in conjunction with his plea bargain to return non-contraband property. After stating that Plaintiff was aware that his property had not been returned as early as 2003 and so his lawsuit was barred by limitations, the Court stated that while Plaintiff potentially had grounds for a habeas corpus petition seeking specific performance of his plea agreement, such

a claim was barred by *Heck* because he could not raise such claims in a civil rights lawsuit. Docket No. 43 at 10.

In his objections in the present case, Plaintiff says that the court's decision was correct then but not anymore. He explains that some five years later, the state appellate court concluded that Plaintiff's property had been destroyed and so specific performance of the plea agreement was not possible. *In re Mann*, slip op., Case No. 02-13-00372-CV, 2013 WL 6570731 (Tex.App. Fort Worth, December 12, 2013) (denying mandamus petition as moot because the property which was the subject of the petition had been destroyed and so the relief sought was impossible).

The fact that habeas corpus relief may no longer be available does not remove the *Heck* bar. *See Randell v. Johnson*, 227 F.3d 300, 301-02 (5th Cir. 2000). Even if it did, Plaintiff's claim nonetheless lacks merit because the statute of limitations begins to run when a *Heck* bar is removed. *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994); *Hulsey v. Owens*, 63 F.3d 354, 355 (1995). Under Plaintiff's claim that the state appellate court's decision removed the *Heck* bar, his limitations period for seeking relief on the formerly *Heck*-barred claim began to run when the appellate court handed down its ruling and thus expired in 2015. He did not seek relief in a timely manner and has failed to show that any of the underlying claims which he did file were not frivolous but contained arguable merit. His objection on this point is without merit.

Plaintiff's next argument reads as follows:

> As for the Magistrate's use of a disputed ruling as to this plaintiff being declared a vexatious litigant in state court proceedings, that issues there were defeated previously in similar attempts and was only granted when the current defendants interfered with plaintiff's ability to file an appeal of that exact issue. It is well settled that decisions of a court that are or would have been called into question or disputed can not be used until such rulings have been subjected to full procedural opportunity for both parties to an action. In this case here before the court, it is obvious that such is not the case, as the state actors (these defendants) interference with plaintiff's ability to file his appeals / objections were the proximate cause of his injuries (the final dismissals of his underlying actions).

Docket No. 45 at 5–6.

Plaintiff does not explain how the alleged inability to appeal the final dismissal of his underlying case was the proximate cause of his injury in having the case dismissed in the first place. He has the burden of showing that the underlying case was not frivolous but had arguable merit, and as the Magistrate Judge observed, Plaintiff was cited as a vexatious litigant—indicating that the case was frivolous and lacking in merit. Plaintiff's claim that he was not able to appeal the court's decision does not show that the case was arguable and not frivolous. His objection on this point is without merit.

Plaintiff contends that the dismissal in part of Case No. 6:16-cv-1315 for failure to exhaust administrative remedies was error because the Attorney General for the State of Texas misrepresented key facts. He says that the injury to him is demonstrated by the fact that he could not file objections and his motion for relief from judgment was denied. As the Magistrate Judge observed, the district court in that case determined that Plaintiff had already had ample time in which to file objections. His motion for relief from judgment was denied because it lacked merit, not due to any inability to file. Plaintiff has not shown that this underlying case had arguable merit and his objection on this point is without merit.

Next, Plaintiff complains that:

> The Magistrate [Judge] incorrectly assumes that just because Plaintiff's underlying state criminal convictions are old that he has forfeited his right to file a challenge to his conviction under 11.07 habeas corpus. Again the Magistrate is mistaken. There is no statute of limitations to filing a petition of habeas corpus [i.e. in state court]. The prior habeas corpus referenced on page 11-12 in his report fails to mention an important fact - that petition was dismissed never ever ruled on based on its merits and would not count as a previous filing.

Docket No. 45 at 6.

The specific question addressed by the Magistrate Judge concerned Plaintiff's complaint that Nations said Plaintiff's criminal cases were no longer active, so he could not get additional storage

space for those documents. While it is true, as Plaintiff says, that there is no statute of limitations on seeking habeas relief in Texas state court, this does not mean that state criminal convictions are considered perpetually active on the chance that habeas relief may someday be sought. Plaintiff's state habeas corpus petitions had been dismissed in 2004 and 2011, ten years before Nations concluded that Plaintiff's criminal cases were no longer active. Plaintiff has not shown a constitutional violation in Nations' determination that his criminal cases were no longer active and thus not entitled to subsequent storage, and his objection on this point is without merit.

After again arguing that the defendants' actions were the proximate cause of his injuries, Plaintiff asserts that his claims are not legally frivolous and have an arguable basis in law or fact, "upon consideration of the facts which call into question and declare Plaintiff's underlying conviction no longer viable." *Id.* at 7. He maintains that he has stated claims upon which relief may be granted and which can be more fully developed through discovery. He again argues that he suffered injury through the dismissal of his three underlying cases, which he states "naturally flowed from the actions of these defendants." As the Magistrate Judge correctly determined, Plaintiff has failed to show that any of those three underlying cases were not frivolous but had arguable merit. As such, he has failed to set out a constitutional claim in the present case for denial of access to court. *Christopher*, 536 U.S. at 415; *Mendoza*, 414 F.App'x at 619. Plaintiff's objections are without merit.

IV.   **Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review,

the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that the Plaintiff's objections are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 43) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-captioned matter is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted.

**So ORDERED and SIGNED this 7th day of March, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE